Dennis MORGEN; Donna Morgen,
Plaintiffs—Appellants,

v.

UNITED STATES DEPARTMENT OF
the NAVY, Defendant—Appellee.

No. 07–16598.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 11, 2009.

Filed April 15, 2009.

James L. Oberman, Esquire, Kazan McClain Abrams Lyons Farrise & Greenwood, Oakland, CA, for Plaintiffs–Appellants.

David S. Fishback, Esquire, Margaret J. Mahoney, Esquire, U.S. Department of Justice, Washington, DC, for Defendant–Appellee.

Before: THOMAS and BYBEE, Circuit Judges, and BENITEZ,* District Judge.

## MEMORANDUM **

Plaintiff Donna Morgen appeals from the district court's order dismissing her Federal Tort Claims Act ("FTCA") action against the government for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) based on the discretionary function exception. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm. Because the parties are famil-iar with the factual and procedural history of the case, we will not recount it here.

We review the district court's order de novo. *GATX/Airlog Co. v. United States*, 286 F.3d 1168, 1173 (9th Cir.2002). If the discretionary function exception applies, the district court lacks subject matter jurisdiction. *Id.*

The discretionary function exception applies when two requirements are met. *Terbush v. United States*, 516 F.3d 1125, 1129 (9th Cir.2008). First, the government's conduct must be discretionary, with no federal statute, regulation, or policy prescribing a specific course of action. *Id.* Second, the action or decision must involve considerations of public policy. *Id.* (citing *Berkovitz v. United States*, 486 U.S. 531, 536–37, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988)). We are to focus "not on the agent's subjective intent in exercising the discretion conferred by statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis." *United States v. Gaubert*, 499 U.S. 315, 325, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991).

The first requirement is met because, in 1963, there were no statutes, regulations, or policies in place at the Puget Sound Naval Shipyard ("PSNS") prescribing a specific course of action concerning asbestos for workers like Plaintiff's husband, Dennis Morgen. We need not address whether the *Manual of Safety Rules* was mandatory because it did not contain specific rules concerning asbestos for those workers, like Mr. Morgen, who did not handle or work directly with asbestos.

The second requirement is met because, given the many competing hazards at PSNS in 1963, decisions to warn about or

---

* The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

take precautions against potential exposure for those who were not working directly with asbestos involved the exercise of policy judgment. *See Berkovitz,* 486 U.S. at 537, 108 S.Ct. 1954 ("[T]he discretionary function exception insulates the Government from liability if the action challenged in the case involves the permissible exercise of policy judgment"). Because both requirements of the discretionary function exception are met, the district court correctly dismissed the action for lack of subject matter jurisdiction.

**AFFIRMED.**